IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELLY LOUCKS,**  6:12-CV- 00110 RE

        Plaintiff,  **OPINION AND ORDER**

        v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

        Defendant.

**REDDEN**, Judge:

Plaintiff Kelly Loucks ("Loucks") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

1 - OPINION AND ORDER

## BACKGROUND

Loucks, born in April 1967, filed his applications for DIB and SSI on October 15, 2008, alleging disability since May 23, 2007, due to neck and spine surgery. Tr. 144. His application was denied initially and upon reconsideration. A hearing was held in December 2010. Tr. 32-63. The Administrative Law Judge ("ALJ") found him not disabled. Loucks's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Loucks had the medically determinable severe impairments of neck pain post C5-6 fusion and obesity. Tr. 14.

The ALJ found that Loucks's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 16.

The ALJ determined that Loucks retained the residual functional capacity ("RFC") to perform a range of light work, limited to a work setting that avoids concentrated exposure to vibration or hazards, with no overhead reaching or climbing ladders, ropes, or scaffolds. He required the ability to sit or stand at will while performing the essential components of his job. Tr. 16. Loucks disputes this finding.

At step four, the ALJ found Loucks could perform his past relevant work as an administrative clerk or a retail store manager Tr. 19. Accordingly, the ALJ found Loucks not disabled.

## DISCUSSION

Loucks contends that the ALJ erred by improperly considering his obesity, and by finding him capable of performing his past relevant work.

2 - OPINION AND ORDER

### I. Obesity

The ALJ stated:

> At a height of 76 inches, Mr. Loucks's body mass index has been between 34.1 and 36.5. At this weight and corresponding BMI, Mr. Louck's can reasonably be expected to experience limitations related to obesity, such as the stress of excess weight on the musculoskeletal system and internal organs causing pain and reduced range of motion, resulting in greater than minimal effects on the capacity to do work related activities.

Tr. 15.

Loucks contends that the ALJ failed to comply with Social Security Rules ("SSR") 02-01p, which states that individuals with obesity "can" or "may" have functional limitations arising from obesity. SSR 02-1p at *6. Loucks vaguely asserts that he has "substantial limitations with sitting, standing, walking, and lifting," but does not cite any medical evidence indicating that his obesity caused functional limitations. Plaintiff's Brief at 17, *Burch v. Barnhart,* 400 F.3d 676, 683-84 (9th Cir. 2005). The ALJ did not err in assessing Loucks's obesity.

### II. Step Four Findings

The ALJ found that Louck's RFC allowed him to perform his past relevant work at step four in the sequential proceedings. Tr. 19. Louck asserts that this finding is based upon an erroneous RFC assessment, and that the ALJ was further required to perform a "functional analysis" of his past relevant work.

At step four in the sequential proceedings, the ALJ determines if the claimant can perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant can perform such work he is not disabled and the sequential evaluation concludes. *Id.* In construing his step four findings, the ALJ may draw upon a vocational expert's testimony to

show that claimant can perform work in the national economy. 20 C.F.R. §§ 404.1560(b)(2); 416.960(b)(2). The ALJ's questions to the vocational expert must include all properly supported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ may then compare the demands of a claimant's past relevant work with the claimant's RFC in determining whether the claimant may presently perform such work. SSR 82-62, "Titles II and XVI: A Disability Claimant's Capacity to do Past Relevant Work" (*available at* 1982 WL 31386, at *3).

Here, the ALJ asked the vocational expert to evaluate the exertional demands relating to Louck's past work as an administrative clerk and retail store manager. Tr. 19-20, 55-56 . The vocational expert stated that both position are classified as "light" work. 57. The ALJ incorporated this testimony into his step four finding, and subsequently found that, because Louck could perform a limited range of "light" work, he could perform his past relevant work in the indicated positions. Tr. 20.

Louck now asserts that the ALJ's findings regarding his past relevant work lack sufficient detail under SSR 82-62. Pl.'s Opening Br. 9-13. The Commissioner's administrative ruling instructs that an ALJ should obtain information from the claimant about his past relevant work, with additional instructions regarding a claimant's mental limitations. SSR 82-62 (available at 1982 WL 31386 at *3). Here, the record contains Louck's reports of his past relevant work (Tr. 129-33, 160-71, 47-52), and the vocational expert's testimony addressed this work. Tr. 54-61. Because Louck does not establish any work-related limitations stemming from mental limitations, the ALJ was not required to further develop the demands of Louck's past relevant work pertaining to such limitations. In summary, the ALJ's RFC analysis finding that Louck

could perform light work is affirmed. Consequently, the ALJ's finding that Louck was not disabled at step four in the sequential proceedings is affirmed.

## CONCLUSION

The Commissioner's decision that Louck was not disabled, and is not entitled to benefits for DIB or SSI under the Social Security Act, is based upon the correct legal standards and supported by substantial evidence. The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 19 day of March, 2013.

JAMES A. REDDEN
United States District Judge